**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

Yngris Abreu,

Plaintiff,

v. Case No. ___________________

Experian Information Solutions, Inc.,

Defendant.

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, and costs brought by Plaintiff Yngris Abreu against Defendant Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act, 15 U.S.C. Section 1681, et seq. ("FCRA").

2. Plaintiff requested her consumer file disclosure from Experian on or about June 3, 2026. Experian provided an electronic consumer disclosure ("the Disclosure") bearing Report Number 2456-5687-72, dated June 3, 2026.

3. The Disclosure is materially incomplete. It contains in excess of one hundred twenty blank, missing, or "No Data" data fields across Plaintiff's twelve reported tradelines, depriving her of the clear and accurate disclosure of all information in her file that 15 U.S.C. Section 1681g(a)(1) requires. Additionally, the Disclosure contains a per se inaccuracy on the CBNA tradeline, where the reported Highest Balance of $1,852 is inconsistent with the reported Credit Limit of $350, without any explanation in the disclosure.

4. Experian has known of its systematic failure to disclose complete payment history and account data for years. The Consumer Financial Protection Bureau filed a federal enforcement action against Experian on January 7, 2025, in Case No. 8:25-cv-00024 (C.D. Cal.), specifically citing Experian's failures to provide accurate and complete consumer disclosures. Experian's continued operation of these practices after the filing of a federal enforcement action confirms willful disregard of its obligations under the FCRA.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. Section 1681p and 28 U.S.C. Section 1331.

6. Venue is proper in this district pursuant to 15 U.S.C. Section 1681p because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred within this district, and Plaintiff resides in Dorchester Center, Massachusetts.

## PARTIES

7. Plaintiff Yngris Abreu is a natural person residing in Dorchester Center, Suffolk County, Massachusetts. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. Section 1681a(c).

8. Defendant Experian Information Solutions, Inc. is a corporation doing business throughout the United States, with its principal place of business at 475 Anton Boulevard, Costa Mesa, California 92626. Experian is a "consumer reporting agency" as defined by 15 U.S.C. Section 1681a(f), in that, for monetary fees and on a cooperative nonprofit basis, it regularly engages in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses means or facilities of interstate commerce -- specifically, the mail and the internet -- for the purpose of preparing or furnishing consumer reports. As a consumer reporting agency, Experian is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### A. Plaintiff's June 3, 2026 Consumer Disclosure

9. On or about June 3, 2026, Plaintiff requested a copy of her consumer credit disclosure from Experian through the annualcreditreport.com portal. Experian provided an electronic consumer disclosure bearing Report Number 2456-5687-72.

10. Pursuant to 15 U.S.C. Section 1681g(a)(1), upon receipt of Plaintiff's request, Experian was required to clearly and accurately disclose to Plaintiff all information in her file at the time of the request. 15 U.S.C. Section 1681a(g) defines the consumer's "file" as "all

of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored."

11. The FTC Advisory Opinion to Darcy (June 30, 2000) states that a consumer reporting agency that always scrambles or truncates account or payment data does not technically comply with Section 609 of the FCRA because it does not provide an accurate, and perhaps not a clear, disclosure of all information in the file.

12. Experian failed to comply with this obligation. As set forth below, the Disclosure contains in excess of one hundred twenty blank, missing, or No Data ("ND") data fields across Plaintiff's twelve reported tradelines.

13. On information and belief, Experian maintains complete payment history, account detail, and interest type data in its internal databases and transmits that complete data to third-party purchasers of consumer reports, while systematically withholding it from Plaintiff's own consumer file disclosure. The fact that the same pattern of blank and ND fields appears uniformly across all twelve tradelines confirms that this is a deliberate policy, not random error.

## B. Account-by-Account Disclosure Deficiencies

14. The Disclosure contains the following missing, blank, and No Data fields on each of Plaintiff's twelve tradelines:

15. Account 1 -- Klarna BNPL (Account No. HI67ZOXXXXXXXXXXXXXX): The Interest Type field is blank. The Highest Balance field is blank. All eleven months displayed in the 2025 payment history grid other than August 2025 show a dash with no rating code, meaning the account's payment status for those months is not disclosed.

16. Account 2 -- ADS/Comenity/Venus (Account No. 778830XXXXXXXXXX): The Interest Type field is blank. The Highest Balance field is blank despite the account having a reported Highest Balance of $239 referenced in the account information section but absent from the dedicated Highest Balance field.

17. Account 3 -- Capital One Auto (Account No. 620313XXXXXXXXXXX): The Interest Type field is blank. The Highest Balance field is blank. The payment history grid contains multiple No Data cells across 2019 and 2020 -- specifically including the months of January through March 2020, May through July 2019, August through November 2019, and October through November 2019 -- during periods when the account was open and being actively paid.

18. Account 4 -- CBNA / Citibank (Account No. 426938XXXXXXXXXX): The Interest Type field is blank. The Monthly Payment field reflects $0 in the account summary despite balance history rows showing scheduled payments as high as $65 during the same reporting period. This internal conflict between two data fields on the same account means the Disclosure does not clearly disclose the account's payment terms.

19. Account 5 -- Credit Acceptance Corporation (Account No. 7832XXXX): The Interest Type field is blank. The Highest Balance field is blank.

20. Account 6 -- Credit One Bank (Account No. 444796XXXXXXXXXX): The Interest Type field is blank.

21. Account 7 -- Dept of Education / Nelnet (Account No. 900000XXXXXXXXX): The Interest Type field is blank. The Highest Balance field is blank. The payment history grid contains No Data cells in February, March, and April 2022, and in October and November 2020, during periods when the account was active and being serviced.

22. Account 8 -- Hy Cite Corp / Royal Prestige (Account No. 2354XXXX): The Interest Type field is blank. The Highest Balance field is blank. The payment history grid contains No Data cells covering virtually every month from 2019 through the first half of 2025 -- a period of approximately six years -- even though this account has been open since September 2016, carries an active balance of $2,340, and shows ongoing payments. The omission of approximately seventy-two or more months of payment history on a single account is the most severe disclosure deficiency in Plaintiff's file.

23. Account 9 -- Monroe and Main (Account No. 985717XXXXXXX): The Interest Type field is blank. The Highest Balance field is blank. Every month in the 2021 payment history grid other than May 2021 shows a dash with no rating code.

24. Account 10 -- Seventh Avenue (Account No. 985717XXXXXXX): The Interest Type field is blank. The payment history grid contains No Data cells in January through April 2021 and January through April 2022.

25. Account 11 -- SYNCB/TJX Cos DC (Account No. 524366XXXXXXXXXX): The Interest Type field is blank.

26. Account 12 -- The Home Depot / Citibank (Account No. 603532XXXXXXXXXX): The Interest Type field is blank.

27. Additionally, Monroe and Main (Account No. 985717XXXXXXX) and Seventh Avenue (Account No. 985717XXXXXXX) are two separate and distinct accounts -- different creditors, different open dates, different balances, different account types -- yet both are disclosed with the identical truncated account number. Because the two accounts share the same partial number and the Disclosure contains no additional account detail sufficient to distinguish them, Plaintiff cannot identify which account belongs to which

creditor, or verify either account's data against her own records. The shared truncated number, together with the absence of distinguishing account detail, renders the Disclosure unclear as to these two accounts within the meaning of 15 U.S.C. Section 1681g(a)(1).

28. In total, the Disclosure contains in excess of one hundred twenty blank, missing, or No Data data fields across Plaintiff's twelve tradelines.

**C. Per Se Inaccuracy -- CBNA Highest Balance Exceeds Stated Credit Limit**

29. The CBNA account (Account No. 426938XXXXXXXXXX) carries a reported Highest Balance of $1,852 and a reported Credit Limit of $350. The Disclosure contains no notation, explanation, or historical credit limit data that would allow a reader to understand that the $1,852 high balance was incurred at a time when the credit limit was higher. A third party reviewing this account would see a balance that appears to exceed the current credit limit by more than five times, with no contextual information, creating a materially misleading picture of Plaintiff's account utilization.

30. On information and belief, Experian maintains historical credit limit data in its internal databases that would place the Highest Balance figure in proper context, but did not include that data in the consumer disclosure or in reports furnished to third parties in a manner that accurately represents the account's history.

**D. Dissemination to Third Parties**

31. The Disclosure reflects two hard inquiries that establish dissemination of Plaintiff's consumer file to third parties:

32. Bank of America inquired into Plaintiff's Experian consumer file on September 5, 2024.

33. Comenity Capital / Interval inquired into Plaintiff's Experian consumer file on August 27, 2024.

34. Each of these hard inquiries confirms that Experian furnished a consumer report concerning Plaintiff to a third party. On information and belief, those consumer reports contained the same incomplete payment history, blank account detail fields, and misleading CBNA Highest Balance data identified in this Complaint.

35. Plaintiff has suffered actual harm as a result of Experian's conduct, including frustration, emotional distress, and significant time spent attempting to review, verify, and understand a consumer disclosure that omitted more than one hundred twenty data fields from her credit file. Plaintiff was unable to verify the accuracy of her credit file against her own records because the Disclosure withheld the data necessary to do so.

**E. Experian's Systemic Pattern and Willful Conduct**

36. The identical pattern of blank Interest Type fields, blank Highest Balance fields, and No Data cells appearing uniformly across all twelve of Plaintiff's tradelines confirms that Experian's omissions are the product of a deliberate company policy, not the result of isolated data error.

37. Experian has been on notice of its obligations under 15 U.S.C. Section 1681g(a)(1) for more than twenty-five years. The FTC issued the Darcy Advisory Opinion on June 30, 2000, expressly stating that a CRA that always omits or suppresses account data from consumer disclosures does not comply with Section 609 of the FCRA.

38. The CFPB filed a federal enforcement action against Experian on January 7, 2025, in Case No. 8:25-cv-00024 (C.D. Cal.), specifically alleging that Experian failed to maintain proper procedures to provide accurate and complete disclosures to consumers. That

action placed Experian on further notice that its systematic omission of consumer file data violates federal law. Experian's continued operation of the same practices after the filing of that enforcement action constitutes willful disregard of its obligations under the FCRA within the meaning of Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007).

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF 15 U.S.C. SECTION 1681g(a)(1)

## FAILURE TO CLEARLY AND ACCURATELY DISCLOSE ALL FILE INFORMATION

39. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

40. 15 U.S.C. Section 1681g(a)(1) requires that upon request by a consumer, a consumer reporting agency shall clearly and accurately disclose to the consumer all information in the consumer's file at the time of the request.

41. 15 U.S.C. Section 1681a(g) defines the consumer's file as all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored.

42. Plaintiff requested her consumer file disclosure from Experian on or about June 3, 2026.

43. In response to Plaintiff's request, Experian provided a consumer disclosure that omitted in excess of one hundred twenty data fields from Plaintiff's file, including: (a) the Interest Type field on all twelve tradelines; (b) the Highest Balance field on at least seven tradelines; (c) No Data cells covering approximately six years of payment history on the

Hy Cite Corp / Royal Prestige account (Account No. 2354XXXX); (d) No Data cells covering multiple months on the Capital One Auto, Dept of Education / Nelnet, and Seventh Avenue accounts during periods when those accounts were active; (e) the Monthly Payment field reflecting $0 on the CBNA account despite actual scheduled payments during the same period; and (f) the shared truncated account number on the Monroe and Main and Seventh Avenue accounts that, together with the absence of distinguishing account detail, prevents Plaintiff from identifying which debt corresponds to which creditor.

44. On information and belief, Experian maintained all of the omitted information in its internal databases at the time of Plaintiff's request, and the uniform pattern of omissions across all twelve tradelines confirms that these omissions result from a deliberate company policy of withholding data from consumer disclosures while transmitting it to third-party report purchasers.

45. Experian's failure to clearly and accurately disclose all information in Plaintiff's file violated 15 U.S.C. Section 1681g(a)(1).

46. Experian's violations were willful within the meaning of 15 U.S.C. Section 1681n. Experian had actual notice of its obligations under Section 1681g(a)(1) through the FTC Advisory Opinion to Darcy (June 30, 2000) for more than twenty-five years. The CFPB filed a federal enforcement action against Experian on January 7, 2025 (Case No. 8:25-cv-00024, C.D. Cal.) specifically addressing Experian's failures to provide complete and accurate consumer disclosures. The uniform, systematic nature of the omissions -- identical blank fields appearing across all twelve of Plaintiff's tradelines -- confirms that Experian's conduct reflects a deliberate policy rather than inadvertent error, and that

Experian's conduct was objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007).

47. As a result of Experian's willful violations, Plaintiff is entitled to the greater of her actual damages or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A). Each third-party dissemination of Plaintiff's incomplete consumer file constitutes a separate violation for statutory damages purposes. Plaintiff is further entitled to punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and costs of suit pursuant to 15 U.S.C. Section 1681n(a)(3).

48. In the alternative, if Experian's violations are found to be negligent rather than willful, Plaintiff is entitled to her actual damages and costs of suit pursuant to 15 U.S.C. Section 1681o.

49. Plaintiff's informational injury -- the deprivation of her statutory right to receive a clear and accurate disclosure of all information in her file -- constitutes a concrete injury sufficient to confer Article III standing regardless of third-party dissemination. Havens Realty Corp. v. Coleman, 455 U.S. 363 (1982).

## COUNT II

## VIOLATION OF 15 U.S.C. SECTION 1681e(b)

## FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY

50. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

51. 15 U.S.C. Section 1681e(b) requires that whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

52. The CBNA account (Account No. 426938XXXXXXXXXX) in Plaintiff's consumer file reflects a Highest Balance of $1,852 against a stated Credit Limit of $350, with no historical credit limit information included in the report that would explain this discrepancy to a third-party reviewer. The report shows the account's credit limit was reduced over time, reaching $350 by early 2026, but the Highest Balance field reflects a figure that appears to far exceed any disclosed limit without explanation. A third-party user of this report receives a misleading picture of Plaintiff's account utilization on this tradeline.

53. Experian's failure to include historical credit limit context alongside the Highest Balance figure -- data that it maintains in its internal databases -- constitutes a failure to follow reasonable procedures to assure maximum possible accuracy within the meaning of 15 U.S.C. Section 1681e(b). See Gorman v. Wolpoff and Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009) (a report is inaccurate under Section 1681e(b) if it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions).

54. Experian furnished consumer reports containing this misleading CBNA tradeline information to at least two third parties: Bank of America (inquiry dated September 5, 2024) and Comenity Capital / Interval (inquiry dated August 27, 2024). Each dissemination of a report containing the misleading CBNA entry to a third party constitutes a separate violation of 15 U.S.C. Section 1681e(b). TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

55. Experian's violations of Section 1681e(b) were willful within the meaning of 15 U.S.C. Section 1681n. The absence of a basic data-integrity check comparing the Highest Balance field to available credit limit history on the same account entry, and the known deficiency in Experian's disclosure practices as identified in the CFPB enforcement action filed January 7, 2025 (Case No. 8:25-cv-00024, C.D. Cal.), confirm that Experian's conduct was objectively unreasonable under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007).

56. As a result of Experian's willful violations of 15 U.S.C. Section 1681e(b), Plaintiff is entitled to the greater of her actual damages or statutory damages of not less than $100 and not more than $1,000 per violation pursuant to 15 U.S.C. Section 1681n(a)(1)(A), punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2), and costs of suit pursuant to 15 U.S.C. Section 1681n(a)(3).

57. In the alternative, if Experian's violations of 15 U.S.C. Section 1681e(b) are found to be negligent rather than willful, Plaintiff is entitled to her actual damages and costs of suit pursuant to 15 U.S.C. Section 1681o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Yngris Abreu respectfully requests that this Court enter judgment against Defendant Experian Information Solutions, Inc. as follows:

a. Actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. Sections 1681n(a)(1)(A) and 1681o(a)(1);

b. Statutory damages of not less than $100 and not more than $1,000 per willful violation, pursuant to 15 U.S.C. Section 1681n(a)(1)(A);

c. Punitive damages pursuant to 15 U.S.C. Section 1681n(a)(2);

d. Costs of suit pursuant to 15 U.S.C. Sections 1681n(a)(3) and 1681o(a)(2);

e. Injunctive relief requiring Experian to provide Plaintiff with a complete and accurate consumer file disclosure containing all information in her file, including complete payment history, Interest Type, Highest Balance, and account detail fields for all tradelines; and

f. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Yngris Abreu

Yngris Abreu

Pro Se Plaintiff

127 Dakota St, Apt 2

Dorchester Center, MA 02124

Email: bluebell19762000@yahoo.com

Phone #: 617 436-7994

Dated: June 5, 2026